UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23422-CV-ALTONAGA
CASE NO. 12-20719-CR-ALTONAGA
MAGISTRATE JUDGE REID

VICTOR MAY,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____ /

## REPORT OF MAGISTRATE JUDGE RE
## UNAUTHORIZED SUCCESSIVE MOTION - 28 U.S.C. § 2255

### I. Introduction

Movant, **Victor May,** has filed this *pro se* motion to vacate [CV ECF No. 1], pursuant to 28 U.S.C. § 2255, challenging the constitutionality of his conviction for Hobbs Act Robbery and using a firearm during and in relation to a crime of violence, entered following a guilty plea in **Case No. 12-20719-CR-ALTONAGA**. For the reasons discussed below, this motion should be DISMISSED for lack of jurisdiction as an unauthorized successive § 2255 motion to vacate.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B); (C); S.D. Fla. Admin. Order 2019-2; and, Rules 8 and 10 Governing Section 2255 Cases in the District Courts.

Because summary dismissal is warranted, no order to show cause has been issued, and the government has not been required to file a response. *See Broadwater v. United States,* 292 F.3d 1302, 1303-04 (11th Cir. 2002) (a district court has the power under Rule 4 of the Rules Governing Section 2255 Cases to summarily dismiss a movant's claim for relief so long as there is a sufficient basis in the record for an appellate court to review the district court's decision).

The court has reviewed Movant's filing [CV ECF No. 1], together with all pertinent portions of Movant's underlying criminal file, and his prior § 2255 motion, assigned Case No. 18-CV-23385-ALTONAGA. The Court may take judicial notice of its own records in habeas proceedings. *See* Fed. R. Evid. 201.

## II. Relevant Procedural Background

Movant was charged with and convicted of multiple counts of Hobbs Act Robbery and using a firearm during and in relation to a crime of violence. [CR ECF Nos. 29, 60]. He was adjudicated guilty and sentenced to a total term of 360 months of imprisonment. [CR ECF No. 60 at 2]. Judgment was entered by the Clerk on **July 11, 2013.** [*Id.*]. No direct appeal was prosecuted. Thus, Movant's conviction became final on **July 25, 2013,** when the fourteen-day period for filing a notice of appeal expired. *See Daniele v. United States,* 740 F. App'x 973, 976 (11th Cir. 2018) (citing Fed. R. App. P. 4(b)(1)(A) (providing that a direct appeal must be filed within 14 days of the judgment being entered) and *Adams v. United States,* 173 F.3d 1339,

1342 n.2 (11th Cir. 1999)).

### III. Discussion

Critically, Movant previously filed his first § 2255 motion, assigned Case No. 18-CV-23385-ALTONAGA, which was denied as time-barred. *See May v. United States,* No. 18-CV-23385-ALTONAGA, Order Adopting Report and Recommendations [ECF No. 12] (S.D. Fla. Nov. 5, 2018). On April 8, 2019, the Eleventh Circuit Court of Appeals denied Petitioner's request for a certificate of appealability, finding he failed to make a substantial showing of the denial of a constitutional right. *See May v. United States,* No. 18-CV-23385-ALTONAGA, Order of Dismissal of USCA [ECF No. 22] (S.D. Fla. Apr. 8, 2019).

Movant has now returned to this court, filing this second, unauthorized, successive § 2255 motion. [CV ECF No. 1]. He alleges that the indictment against him was unlawful. [*Id*. at 4].

"Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion." Rules Governing § 2255 Proceedings, Rule 9; *Gonzalez v. Sec'y for Dep't of Corr.,* 366 F.3d 1253, 1297-98 (11th Cir. 2004). As authorization has not been granted, this Court lacks jurisdiction to hear this latest § 2255 motion. *See Burton v. Stewart,* 549 U.S. 147, 153 (2007); *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003). Thus, this unauthorized successive § 2255 motion

should be dismissed for lack of jurisdiction.

Lastly, because the court "lack[s] subject matter jurisdiction to consider the [instant] successive petition, [the court may] not issue a [certificate of appealability.]" *See Williams v. Chatman,* 510 F.3d 1290, 1295 (11th Cir. 2007) (citation omitted).

### IV. Recommendations

Based on the foregoing, it is recommended that this case be DISMISSED for lack of jurisdiction as an unauthorized successive § 2255 motion, and the case CLOSED.

Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

Signed this 24th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

- 5 -

cc:    Victor May
00998-104
Coleman I-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 1033
Coleman, FL 33521
PRO SE

Alexandra Chase
U.S. Attorney's Office
500 South Australian Avenue
Suite 400
West Palm Beach, FL 33401
561-209-1011
Fax: 561-659-4526
Email: alexandra.chase@usdoj.gov